# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**RICHARD MOORE**     **PLAINTIFF**

**V.**     **NO: 3:22CV92-GHD-JMV**

**UNION COUNTY, MISSISSIPPI, et al.**     **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on Defendant Union County, Mississippi, and Defendant Sheriff Jimmy Edwards' Motion for Judgment on the Pleadings. [14]. Plaintiff has not responded in opposition to the present motion, and upon due consideration of the motion and applicable authority, the Court is prepared to rule.

### Factual Background

Plaintiff Richard Moore, who is proceeding pro se, brings this lawsuit against Union County, Mississippi, Sheriff Jimmy Edwards, Lee County, Mississippi, Sheriff Jim. H. Johnson, and Deputy Bobby Bean. Plaintiff asserts that he was subjected to violations of his constitutional rights on and around May 4, 2022, when Union County Sheriff's Deputies arrested him on his property for Felony Malicious Mischief and searched and seized his vehicle. According to Moore, he was not presented with copies of the arrest and search warrant until after his release from jail. Further, Moore claims that the warrants were dated May 5, 2022.

While in Lee County jail after the May 4, 2022, arrest, Moore claims he was denied medication and denied a phone call with his family and attorney. Moore further claims that he was threatened by "jailers" with a taser if he refused to stop complaining of chest pains. While meeting with a nurse in the Lee County Jail, Moore alleges that he was told he was in good health, which Moore contends was a lie. Moore states in the complaint that he was then transported to

1

Chickasaw County Jail where he suffered from a stroke, requiring treatment at Calhoun Baptist Hospital and later at Southaven Baptist Hospital.

On May 25, 2022, Moore filed this lawsuit and Defendants Union County, Mississippi and Sheriff Jimmy Edwards seek judgment on the pleadings.

## Standard of Review

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

2

678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

Moore contends that his Fifth and Fourteenth Amendment rights were violated "by denial of his Due Process of his liberty and property." [1]. Concerning the Defendants who brought the present motion, Moore appears to contend that he was wrongfully arrested and that his vehicle was wrongfully searched.

Moore's claim for denial of due process under the Fifth Amendment fails as an initial matter because the Defendants are state actors, not federal actors. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Moore has not alleged that Union County, Mississippi, and Sheriff Jimmy Edwards were acting under authority of the federal government. Also, "where a claim of unlawful detention was accompanied by allegations that the initial arrest was not supported by valid probable cause" analysis is proper under the Fourth Amendment, not the Fourteenth Amendment. *Jauch v. Choctaw County*, 874 F.3d 425, 429 (5th Cir. 2017). Even though Moore

3

did not outright allege his claims under the Fourth Amendment, the Court will consider Moore's allegations in the context of the Fourth Amendment.

The Court will first address Moore's claims as to Sheriff Edwards. As the Defendants acknowledge in the present motion, Moore only refers to Sheriff Edwards in the complaint when listing the names of the defendants; Sheriff Edwards is not mentioned directly in any substantive allegation in the complaint. "[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant[.]" *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). Moore fails to demonstrate how Sheriff Edwards is personally involved in the alleged wrongful arrest and search.

However, Plaintiff Moore does, however, refer to Union County Sheriff's officers and officials in the complaint when describing who searched his property and arrested him. Even when giving Moore the leniency awarded to pro se plaintiffs and assuming that Sheriff Edwards is in this group of officers and officials referred to by Moore, the Plaintiff's claims still fail.

Assuming Sheriff Edwards had direct involvement in Plaintiff's arrest, Plaintiff acknowledges in the complaint that he was arrested pursuant to a warrant. Plaintiff does not argue that the warrant was invalid, only that it had the wrong date, that he did not commit the underlying crime, and that he was not shown the warrant at the time of his arrest.

Plaintiff Moore has merely made threadbare recitals and conclusory statements that Sheriff Edwards has deprived him of due process through a wrongful arrest and subjected him to wrongful imprisonment, and this, without more, is not enough to state a claim to relief that is plausible on its face.

Moore's claim that Sheriff Edwards violated his due process rights by wrongfully searching and seizing his vehicle fails for the same reasons. Sheriff Edwards is not alleged to have

4

procured the search warrant, participated in the search, nor have the vehicle towed. Plaintiff has made no allegation that Sheriff Edwards had any personal involvement in the vehicle search or the seizure of Moore's belongings. Assuming Moore has alleged personal involvement, there has been no claim that the search warrant as to Moore's vehicle was invalid, only that the search warrant contained the wrong date and that he was not shown the warrant at the time of the search. Plaintiff's conclusory statements that the search and seizure of his vehicle violated his due process rights, without more, fail to state a claim to relief that is plausible on its face as to Sheriff Edwards.

The Court now addresses Moore's claims as to Union County. Although a plaintiff need not offer proof of his or her allegations at the pleading stage, a plaintiff "must plead facts that plausibly support each element of § 1983 municipal liability." *Peña v. City of Rio Grande, Tex.*, 879 F.3d 613, 621 (5th Cir. 2018). In other words, a plaintiff must set forth facts, or those from which the court can reasonably infer, that: "(1) an official policy; (2) promulgated by the municipal policymaker; (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017).

The Court is unable to discern which, if any, official policy of Union County is being challenged in the complaint. Moore only alleges that Union County officers "were once again a repeated pattern of criminal injustice against the plaintiff." [1]. Moore references at least one prior lawsuit involving himself and Union County, but this reference is conclusory in its attempt to establish a pattern showing an official policy that targets Moore directly. A threadbare assertion that the defendants "continue to violate the Rights of the Plaintiff[]" is not sufficient to state a plausible claim for wrongful arrest as to Union County.

The Court applies the same reasoning towards Moore's assertion that Union County violated his due process rights by searching and seizing his vehicle. Moore's pleadings do not set

forth any specific factual allegations that would allow this court to infer that a policy or practice exists within Union County concerning the wrongful search and seizure of a vehicle. Further, there are no specific facts that connect any possible policy or practice to the underlying alleged constitutional violation, as Moore has failed to allege specific facts in that regard as well. "[A] plaintiff must do more than describe the incident that gave rise to his injury." *Peña*, 879 F.3d at 622. In the present case, Moore has not overcome this requirement as the complaint only describes the incident as he believes it took place while concluding that he was subjected to this allegedly wrongful arrest and search due to the defendants' vindication.

Further, Moore admits that he appeared before a judge after his arrest and that he was given a $15,000 bond. "[I]f facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994). The independent-intermediary doctrine has been applied even when the intermediates action occurred after arrest and even when the arrestee was not convicted of a crime. *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016).

Concerning the search of Moore's vehicle, Moore has not alleged that the warrant was obtained with the use of false statements or omissions. Moore's complaint also does not allege that there was a lack of probable cause when the warrant was issued. The validity of the search warrant has not been disputed in the complaint.

## Conclusion

For the foregoing reasons, the Court finds that defendants Union County, Mississippi, and Sheriff Jimmy Edwards' Motion for Judgment on the Pleadings is well taken and should be granted. A separate order in accordance with this opinion will issue this day.

This the 17th day of February, 2023.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE